## P. C. COWLING V. O. J. GREENLEAF.

REPLEVIN; *Costs for Defendant, Properly Adjudged.* In a suit for the re-
covery of the possession of personal property, an order of delivery was
issued, under which the sheriff took the property from the possession of
the defendant and delivered it to the plaintiff, and on a trial the court
found, as conclusions of law, that the plaintiff was not entitled to the
possession of the property at the time of the commencement of the suit,
and that the defendant was entitled to a judgment for costs. No claim
for a return of the property was made by the defendant, and the court
rendered judgment against the plaintiff for costs of suit only. *Held,*
That the failure of the defendant to claim a return of the property re-
plevied, and have judgment for its return, did not bar him from his
right to a judgment for the costs; and a judgment in his favor for costs
was properly rendered.

### *Error from Lyon District Court.*

REPLEVIN, brought by *Cowling* against *Greenleaf* for the
possession of certain sheep. Trial by the court at the March
Term, 1883, when the court adjudged that the defendant re-
cover from the plaintiff the costs of this suit, taxed at $119.
This judgment plaintiff brings here for review. The opinion
states the facts.

*Cunningham & McCarty,* for plaintiff in error.

*Buck & Feighan,* for defendant in error.

The opinion of the court was delivered by

HURD, J.: On the first day of December, 1882, Cowling,
the plaintiff below, plaintiff in error here, commenced suit in
the district court of Lyon county against O. J. Greenleaf,
Fannie Greenleaf and Dick Nickerson, for the possession of
660 sheep, of the value of $3,360, claiming that the defend-
ants wrongfully detained them from him. On the same day
he caused an order of delivery to be issued by the clerk of
the court to the sheriff of Lyon county, who took possession
of the sheep under the order, and afterward delivered them to
the plaintiff, who has ever since retained them. The defend-

ant O. J. Greenleaf filed his answer denying every allegation of the petition. The defendants Fannie Greenleaf and Nickerson answered, (1) denying each allegation of the petition; (2) that they made no claim to the property, and never had made any claim thereto, or had possession thereof, except as the agents of said O. J. Greenleaf; that Nickerson is the hired man, and Fannie Greenleaf is the wife of O. J. Greenleaf, defendant, and that they held the sheep as his agents.

At the March term of the court, 1883, the case came on for trial before the court without a jury, and the court made its findings of fact and conclusions of law thereon substantially as follows:

"1. That the number of sheep in controversy is 668.

"2. The parties made the following contract in writing on the 8th day of September, 1881, and the defendant took possession of the sheep October 23, 1881 : The agreement was between P. C. Cowling of the first part and O. J. Greenleaf of the second part, by which Greenleaf agreed to take from Cowling 500 sheep, of the breed known as Merino, more or less, on the following terms and conditions : said sheep to be delivered in October, 1881; Cowling was to retain possession of the sheep for a term of three years from the time they were delivered to him, and during that time was to feed them and furnish all feed except during the first fall and winter, and was to look after and take the best of care of said sheep at all times during the said three years, for the use of said sheep. Greenleaf was to deliver to Cowling one-half of the increase when weaned in each year, and to divide the proceeds of the wool in each year as the same was sold. 'But it is expressly agreed between the parties that if at any time during the said period of three years, either of these parties shall have just cause so to do, he may annul this contract; and in that case the said parties are to settle at that time on such terms as may be just and proper.' Cowling reserved the right to make all sales of the wool and stock and receive the money for it, and manage the financial business of the concern. At the end of the three years Greenleaf was to return to Cowling the full number of sheep gotten during the fall of 1881.

"[ The remainder of the contract is immaterial in the examination of the case, and is omitted.]

"The defendant held the sheep under the contract at the commencement of this suit, and not otherwise.

"3. During the time Greenleaf had the sheep in his possession, and up to the time they were taken in replevin, he did not take the best of care of them, but did take such care as successful sheep-men in that section of the country took of their sheep, to wit, proper, ordinary care.

"4. The value of the sheep at the commencement of this suit was $3,340.

"5. On September 8, 1882, said plaintiff told said defendant he was not satisfied with the way defendant was treating the sheep, and they had better settle up, as plaintiff wished the defendant to give up the sheep and quit the place, and plaintiff would do what was right. On October 23, 1882, the parties met, and each proposed to the other a basis of settlement, but the basis suggested by the one was not satisfactory to the other. They had a like talk about October 30, 1882, but no settlement was in fact ever made between the parties, nor the terms or basis of any settlement arrived at or agreed upon, for the reason that they could not agree upon the basis thereof; and so defendant continued in possession of the said premises and sheep."

"8. On November 28, 1882, the defendant O. J. Greenleaf left Kansas for Ohio, and did not return until after this suit was commenced. On November 28, 1882, and in the absence of said O. J. Greenleaf, plaintiff went to Greenleaf's residence and demanded said sheep of Mrs. Greenleaf and the hired man, who are named defendants herein, but plaintiff made no demand of said defendant O. J. Greenleaf for said sheep previously thereto, or at any other time. Mrs. Greenleaf and said hired man were in the possession of said sheep in the absence of said O. J. Greenleaf, as his agents and not otherwise.

"9. Plaintiff never gave any notice to defendant O. J. Greenleaf of his having annulled said contract, or of his intention to annul it unless as above stated.

"10. Said contract had not been annulled previously to the commencement of this suit, and said plaintiff had not just cause to annul it.

"11. Said sheep were taken on the writ of replevin herein, December 1, 1882, and on the next day by the sheriff delivered to said plaintiff, who has ever since kept and held them and now holds them mixed with his other sheep.

"12. Defendants Fannie Greenleaf and Dick Nickerson have not and never had any interest in these sheep, and have not in any manner claimed any.

"13. The plaintiff in good faith supposed that he had a legal right to do whatever he has done in the premises, and did not intend to act oppressively toward the defendant."

As conclusions of law based upon the above facts, the court found:

"1. That said contract had not been annulled before the commencement of this suit.

"2. That plaintiff was not entitled to the immediate possession of said sheep at the time of the commencement of this suit, and that defendant is entitled to recover his costs herein."

Thereupon the plaintiff filed his motion to set aside the conclusions of law, and for judgment in his favor upon the special findings of fact, which motion the court overruled, and the plaintiff excepted. Thereupon the plaintiff filed his motion for a new trial, based upon all the statutory grounds, which the court overruled, and the plaintiff excepted.

The court then rendered the following judgment: "It is therefore considered and adjudged by the court, that the defendant have and recover of and from the said plaintiff the costs of this suit, taxed at $119; and hereof let execution issue." The plaintiff made his case for the supreme court, and brings the case here by petition in error. The evidence in the court below is not presented by the record here. Both parties were satisfied with the findings of fact, and neither asked the court to make further findings or modify those made; and the plaintiff was so well satisfied that he made his motion for judgment in his favor upon them. In this court these findings must stand as the facts in the case, and they are as conclusive as the verdict of a jury. Upon these findings of fact and conclusions of law, the defendant, had he claimed a return of the property replevied, would have been entitled to judgment for its return, or for its value if return could not be had, and damages for taking and withholding it, (Comp. Laws, ch. 80, §186,) and costs of suit.

We think the defendant might waive or abandon a part of the judgment to which the findings entitled him, and that such waiver or abandonment did not bar him from any other judg-

ment in his favor warranted by the findings of fact and conclusions of law, and that his failure to claim a return of the property replevied and have judgment for a return of it did not and does not bar him of his right to judgment for costs. The defendant did not and does not complain of the judgment rendered, and has taken no proceedings to reverse, vacate or modify it, and is now urging this court to affirm it. By the proceedings in replevin, the plaintiff obtained the possession of the property in controversy and has ever since been in the possession of it, and the judgment rendered leaves the property in his possession, and the defendant since the entry of the judgment cannot legally contest his right to the possession of it. The plaintiff has obtained all he sought by the suit, and more than he is legally entitled to under the facts found and conclusions of law made by the court below, had the defendant claimed his full legal rights, and has no reason to complain of the judgment rendered.

The court did not err in rendering judgment for costs against the plaintiff. Judgment affirmed.

All the Justices concurring.